# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TRENT GRADDY**                                                                 **PLAINTIFF**

v.                                        No: 1:18-cv-00023 PSH

**JESTINY GIBSON,** *et al.*                                                     **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Trent Graddy filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 2, 2018, while detained at the Cleburne County Detention Center ("CCDC"). Doc. No. 2. The Court directed Graddy to amend his complaint to describe his claims. Doc. No. 3. Graddy subsequently filed an amended complaint that stated:

> Jestiny Gibson used excessive force by shooting her issued pepper gun to shoot Trent Graddy in the throat who was non combative nor threaten no one in any manner then refused to offer him any form of medical attention which he requested.

Doc. No. 5 at 4. It appears from a review of the pleadings that this incident occurred in early March 2018. Service was ordered and obtained on Gibson. Doc. Nos. 6-7.

On June 26, 2018, Gibson filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Graddy had not exhausted all of his claims against her before he filed this lawsuit. Doc. Nos. 12-14. Despite the Court's order notifying Graddy of his opportunity to file a response and statement of disputed facts, he did not do so. Doc. No. 15. Because Graddy failed to controvert the facts set forth in Gibson's statements of undisputed facts, Doc. No. 14, those facts are deemed admitted. *See* Local Rule 56.1(c). Gibson's statement of facts, and the

other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law as to Graddy's medical indifference claims.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S.

199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

Gibson argues that she is entitled to summary judgment as to Graddy's medical indifference claims because Graddy failed to exhaust his administrative remedies as to those claims before he filed this lawsuit. *See* Doc. No. 12. In support of her motion for summary judgment, she submitted an affidavit by Jail Administrator Alan Roberson; grievances filed by Graddy during his incarceration at the CCDC; a copy of Graddy's medical file; and a copy of the CCDC's grievance policy. Doc. Nos. 14-1 – 14-4.

The CCDC had a grievance process in place for inmates to raise concerns about mistreatment, abuse, neglect, or actions in violation of jail policy. Doc. Nos 14-1 at 1; Doc. No. 14-4 at 1-2. Gibson submitted a record of Graddy's grievances filed between February 23 and March 13, 2018. Doc. No. 14-2 at 1-10. This record establishes that Graddy was aware of CCDC's grievance procedures because he filed numerous grievances before filing this lawsuit on April 2, 2018. *Id.*; Doc. No. 14-1 at 1. Graddy, however, did not file any grievance regarding his claim that Gibson refused to provide him with medical treatment. *Id.* The only grievance filed by Graddy that mentions medical treatment was filed on March 4, 2018, and provides:

3

> I WAS TELLING THE OFFICER AT THE DOOR I DIDN'T HAVE ANY SMALL CUPS AND THE OTHER OFFICER A FEMALE STEPPED AROUND HIM AND SHOT ME AT UNDER 2 FEET WITH A PEPPER ROUND IN THE THROAT AT MY TRACHIA AREA. I WAS NOT BEING THREATENING AT ALL IN ANY WAY, AND SHE WAS MAD AT ANOTHER DETAINEE. I WANT PICTURES TAKEN OF MY INJURIES AND I AM STILL HURTING HOURS LATER AND CAN BARELY TALK NOW. I WANT CHARGES FILED ON HER AND MEDICAL ATTENTION, AS WELL AS RELEASED.

Doc. No. 14-2 at 4. Graddy filed several other grievances relating to this incident, asking for the officer's name who sprayed him, for pictures to be taken of his neck, and for charges to be filed against the officer. *See* Doc. No. 14-2 at 3, 6-9. None contained a complaint that Gibson refused to seek medical attention for Graddy after this incident.

Because Graddy failed to specifically grieve that Gibson failed to provide him medical treatment, Graddy did not exhaust available administrative remedies as to his medical indifference claim against Gibson before initiating this lawsuit. Accordingly, Gibson is entitled to summary judgment and Graddy's medical indifference claims are dismissed without prejudice. Graddy's excessive force claims remains.

## IV. Conclusion

Gibson is entitled to summary judgment, and Graddy's medical indifference claims are dismissed without prejudice for failure to exhaust administrative remedies.

DATED this 29th day November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE